**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

MGRS, a Minor by and through her
Next Friend BIANCA SOTELO,

    Plaintiff,

v.                                                      Case No. 20-10625

ALLEN PARK PUBLIC SCHOOLS,
MARILEE SONCRANT,

    Defendants.

_____/

**ORDER SETTING TELEPHONIC CONFERENCE**

    Plaintiff MGRS, by and through her Next Friend and biological mother, Bianca Sotelo, brings this action for constitutional violations under 42 U.S.C. § 1983, assault, and battery. (ECF No. 11, PageID.71-82.) She claims that a schoolteacher pulled her out of her chair and into a hallway while in class, injuring her arm. (*Id.*, PageID.70-71.)

    Plaintiff has filed a "Motion for Disbursement of Funds." (ECF No. 14.) She asks the court to approve a settlement agreement. (*Id.*, PageID.158.) Defendants did not file a response.

    Plaintiff did not attach the settlement agreement to her motion; she does not specify its terms. Instead, she states that "[t]he amount of settlement may, upon the agreement of all parties, be disclosed to the [c]ourt in private." (*Id.*, PageID.159, ¶ 1.) Thus, she claims that she may, contingent upon the agreement of Defendants, provide the total amount of settlement, and then only through a private disclosure outside the official court record.

Courts have a traditional role when "called upon to sanction a compromise of an infant's claim . . . to investigate the fairness of the compromise and whether its terms are for the interest of the infant." 42 Am. Jur. 2d *Infants* § 136 (2020). In federal court, through an "exercise[] [of] . . . inherent power," the court must "ma[ke] an independent determination that [a proposed] settlement [is] in [a] minor's best interest." *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997); *Dean v. Holiday Inns, Inc.*, 860 F.2d 670, 673 (6th Cir. 1988) ("[S]ettlement of a minor's claim or agreements or waivers affecting a minor's rights or interests are always subject to approval or amendment by the court with jurisdiction to pass on such agreements or actions.").

Plaintiff does not cite legal authority or argue why the terms of the proposed settlement must be sealed, let alone disclosed to the court "in private." (ECF No. 14, PageID.159, ¶ 1.) There is "a 'strong presumption in favor of openness' as to court records." *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)); *accord Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016). This is in part to allow the public "to assess for itself the merits of judicial decisions." *Shane Group, Inc.*, 825 F.3d at 305.

"Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* at 305 (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Even in circumstances where non-disclosure is required, "the seal itself must be narrowly tailored to serve that [compelling] reason." *Id.* In civil cases such as this one, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence

(such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys.*, 297 F.3d 544, 546 (6th Cir. 2002)). However, Plaintiff does not claim the parties' proposed settlement falls within these categories, or any other "compelling reason." *Id.* at 305, 308. She also does not cite a case where a court has reviewed a minor's settlement agreement without entry of the agreement or its terms onto the judicial record, sealed or otherwise.

Additionally, the court is not inclined to accept the settlement agreement based on the submission of only "[t]he amount of settlement," as Plaintiff suggests. (ECF No. 14, PageID.159, ¶ 1.) Plaintiff's motion may describe other terms in the settlement agreement. She asserts that her counsel "has advanced $806.00 in costs and expenses" and that the settlement amount "will fund [an] interest-bearing account that Plaintiff and her Next Friend . . . shall establish for the sole benefit of [Plaintiff]" which Plaintiff can access when she turns eighteen. (*Id.*, PageID.159-60. ¶¶ 5-7.) Nonetheless, the motion does not explain whether the said advanced costs will be reimbursed through the settlement's funds in full. The motion also does not state whether the settlement terms require that the funds be placed in an interest-bearing account for Plaintiff's benefit, or if it is just an implied understanding of the parties. Especially significant, Plaintiff's motion makes no mention of the amount and the method of calculation for any attorney fees which may or may not be taken from the settlement amount.

In cases involving settlements with minors, courts in the Sixth Circuit have reviewed the actual contract or, at a minimum, the material terms, including the amount

of attorney fees and costs, before approving settlement. *Thrivent Fin. for Lutherans v. Camp*, Case No. 15-146, 2015 WL 9587725, at *1 (E.D. Tenn. Dec. 30, 2015) (The court was "presented a copy of the signed Settlement Agreement and Release" and extensively analyzed the proposed attorney fees); *Kiel by Kiel v. Barton*, Case No. 09-15053, 2011 WL 13206189 (E.D. Mich. Jan. 31, 2011) (Murphy, J.) (reviewing the terms of the agreement and the attorney fees award); *Knight-Stanner v. Pruitt*, Case No. 08-949, 2010 WL 432424 (W.D. Mich. Jan. 26, 2010) ("The court has reviewed the guardian's report, the motions, the bill of costs, and the contingency fee arrangement.").

Finally, Plaintiff filed the instant "Motion for Disbursement of Funds" and Defendants did not file a response. (ECF No. 14.) The court does not know Defendants' positions on the proposed settlement and the substance of Plaintiff's motion.

Thus, before the court may approve the proposed settlement, the parties must provide the actual terms of the agreement, including the amount of attorney fees and costs and the method by which those fees are calculated. *Green*, 111 F.3d at 1301. The court will hold a telephonic conference on July 29, 2020. At that time, the parties will be expected to discuss the procedure by which the court may review the terms of the proposed settlement agreement. The parties will also be expected to discuss how "compelling reasons" outweigh the "strong presumption in favor of openness as to court records," and whether the sealing of settlement terms is appropriate. *Shane Group, Inc.*, 825 F.3d at 305. Accordingly,

IT IS ORDERED that a telephonic conference is set for **July 29, 2020 at 11:00 am.  THE COURT WILL INITIATE THE CALL.**

        s/Robert H. Cleland      /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 15, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 15, 2020, by electronic and/or ordinary mail.

        s/Lisa Wagner      /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-10625.MGRS.OrderSettingTelephonicConference.RMK.docx